# GLENN A. GARBER, P.C. 233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
## ATTORNEYS AT LAW

TEL: 212-965-9370  FAX: 212-965-9375
WWW.GLENNGARBER.COM

February 12, 2021

**BY ECF**
Hon. Andrew L. Carter
U.S. District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/24/21_____

Re:  United States v. Dion Mickens,
     18-cr-657 (ALC)

Dear Judge Carter:

I represent Mr. Mickens in the above referenced matter. I write with the government's consent to request that the Court make a finding that a virtual sentencing hearing is justified under the CARES Act and that sentencing be scheduled as soon as possible.

Mr. Mickens first appeared in federal court on this matter on September 28, 2018. He pled guilty on September 3, 2019 and was initially scheduled to be sentenced on January 21, 2020. However, the sentencing was been adjourned due to case reassignment and because of the pandemic (DEs 129, 141 and 151). As it currently stands there is no scheduled sentencing date.

Mr. Mickens has remained in federal local custody since his arrest, for nearly two and a half years. Under the plea agreement, Mr. Mickens faces a 46 to 57-month Guidelines sentence, which becomes a 60- month sentence due to the mandatory minimum. Consequently, if the Court imposes a Guidelines sentence with standard good time of 54 days per year, to date Mr. Mickens will have served most of his sentence in local custody.

Given the harshness of the environment at the Metropolitan Correctional Center in lower Manhattan where Mr. Mickens has been housed, (made worse by the continual pandemic lockdowns), the absence of programs, and the lack of visitation, he has essentially served double time compared to the time he would serve in a designated facility.

Moreover, with the absence of programs at MCC and the harsh conditions it is difficult for Mr. Mickens to make progress toward rehabilitation in the same way as if he were in a permanent facility. Indeed, he cannot make up for the lost time in light of the substantial portion he has already served in local custody even if he is immediately transferred to a permanent facility.

1

Furthermore, given the revolving door at MCC, the cramped quarters, and the lack of PPE and social distancing, Mr. Mickens, who has asthma, is at a higher risk of contracting Coronavirus in his current jail.

In addition, according to the Bureau of Prisons website, Mr. Mickens will not begin to receive time credits for participation in a Recidivism Reduction Program under the First Step Act until he goes to a designated facility. https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits Therefore, his sentence will potentially be longer if he remains in local federal custody.

The CARES Act provides in relevant part that if "felony sentencings… cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the… sentencing cannot be further delayed without serious harm to the interests of justice, the… sentencing may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." CARES Act, Public Law 116-136, signed into law March 27, 2020.

We believe this standard is clearly met. There is an ongoing pandemic and health risks will ensue if an in-person appearance is held. Moreover, delay of the sentencing has and will continue to cause unnecessary harm to Mr. Mickens, and further delay is against the interest of justice in this case.

Consequently, it is requested that the Court authorize and schedule a virtual sentencing hearing as soon as possible.

Thank you for your consideration.

Respectfully submitted,

Glenn A. Garber

cc: AUSAs Andrew Chan and Danielle Sassoon (By ECF)

The application for a virtual sentencing hearing is **DENIED**.
So Ordered.

2/24/21

2